Eastern District of Kentucky
FILED
AUG 0 3 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 06-CV-242-KSF

JEFFREY GINN                                                                                              PETITIONER

VS:                       **MEMORANDUM OPINION AND ORDER**

STEVEN DEWALT                                                                                         RESPONDENT

Jeffrey Ginn, an individual incarcerated at the Federal Medical Center in Lexington, Kentucky, has filed this habeas corpus petition pursuant to 28 U.S.C. §2241 and has paid the $5.00 filing fee [Record No. 1]. This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). Upon initial screening, the allegations in the petition are taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action is frivolous or malicious, or fails to state a claim upon which relief can be granted.

In his petition, Ginn asserts that the respondent has acted arbitrarily and capriciously by delaying his graduation from the Residential Drug Abuse and Program ("RDAP") from July 14, 2006, to October 20, 2006. Ginn alleges that RDAP staff delayed his graduation date because his placement in segregation for 10 days caused a disruption in his continuous participation in the RDAP, but permitted other RDAP participants to graduate in July notwithstanding their own violations of RDAP rules. Ginn asserts that he filed an administrative grievance regarding this matter on July 14, 2006, and that it remains pending. Ginn asserts that he will suffer irreparable harm if forced to exhaust his administrative remedies because any delay in granting relief will

effectively deny him a remedy, but offers no explanation as to why this is so. Successful completion of the RDAP program is no guarantee that the BOP will exercise its discretion to award the program participant with the incentives described in 18 U.S.C. §3621(e)(2), nor would the delay in graduation to October 20, 2006, have any effect upon the prospect of the one-year early release provision unless Ginn was scheduled for release prior to October 20, 2007, a fact that Ginn has not put into the record. There is no evidentiary basis in the record that would support a conclusion that irreparable harm may occur unless the Court grants immediate relief.

Federal prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. §2241. *United States v. Oglesby*, 52 Fed.Appx. 712, 714 (6th Cir. 2002) (*citing United States v. Wilson*, 503 U.S. 329, 335 (1992) and *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir. 1996)); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981) (petitioner not excused from exhausting claim challenging disciplinary charge even where he could not have done so prior to parole hearing); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they 'exhaust their administrative remedies in accordance with Bureau of Prisons policy ...'"). This requirement is not mandated by the Prison Litigation Reform Act, but is wholly judge-made. *Wesley v. Lamanna*, 27 Fed.Appx. 438, 438-39 (6th Cir. 2001).

The administrative remedies for federal prisoners are set forth at 28 C.F.R. §§542.10-16 (2005). Ginn indicates that he commenced the grievance process by filing a Form BP-9 on July 14, 2006, but as of the date he filed his complaint in this action, the grievance process was still pending. The exhaustion requirement requires the prisoner to complete, not merely initiate, the grievance process prior to the filing of the petition. *Id.* (*citing Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998)). Because Ginn acknowledges he has not yet done so, his petition is prematurely filed and

must be dismissed without prejudice. *Colton v. Ashcroft*, 299 F.Supp.2d 681, 689 (6th Cir. 2004). If Ginn desires expedited consideration of his administrative grievance, 28 C.F.R. §542.18 provides a mechanism to obtain it.

### CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)    The Section 2241 petition for habeas corpus [Record No. 1] is **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE,** *sua sponte,* from the docket of the Court.

(2)    Petitioner's Motion for Expedited Hearing and Interim Relief [Record No. 2] is **DENIED AS MOOT**.

(3)    Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This the 3rd day of August, 2006.

KSF
_____
KARL S. FORESTER, SENIOR JUDGE